# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JESSE MENDOZA,<br><br>                 Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.<br><br>                 Defendants. | Case No.: 17cv1349 W (NLS)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [DOC. 6]** |

     Defendants County of San Diego and San Diego Sheriff's Deputy James Givens move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes.

     The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons that follow, the Court **DENIES** Defendants' motion [Doc. 6].

//
//
//
//

1

## I. BACKGROUND

The following allegations are taken from the First Amended Complaint ("FAC" [Doc. 5]). On June 12, 2016, Plaintiff was a patron of the Bancroft Bar in Spring Valley, California. (*FAC* ¶ 20.) Plaintiff and another patron got into an argument that caused the bar's management to remove them, and call the San Diego Sheriff's Department. (*Id.*) Several other patrons followed Plaintiff as he left the bar. (*Id.* ¶ 21.) One of the patrons carried a pool cue, and others carried billiard balls. (*Id.*) Plaintiff alleges that the group of patrons started striking him with "these weapons, so the Plaintiff pulled out a knife to defend himself." (*Id.*)

While Plaintiffs was defending himself against the group of patrons, Defendant Deputy Givens arrived at the scene and drove his patrol car into Plaintiff, throwing him twenty feet in the air. (*FAC* ¶ 22.[1]) Plaintiff was then taken to Grossmont Hospital, and being released was arrested for assault with a deadly weapon. (*Id.* ¶¶ 22–23.)

On July 3, 2017, Plaintiff filed this lawsuit. On November 13, 2017, he filed the FAC alleging the following causes of action: excessive force under 42 U.S.C. § 1983 against Deputy Givens; *Monell* liability under 42 U.S.C. § 1983 against San Diego County and Sheriff Gore; and state-law battery and negligence against all Defendants. (*Id.* ¶¶ 30–69.) Defendants now seek to dismiss, arguing Deputy Givens is entitled to qualified immunity, and the FAC fails to allege sufficient facts to support any of the causes of action. (*P&A* [Doc. 6-1] 1:13–20.) Plaintiff opposes the motion. (*See Opp'n* [Doc. 7].)

//
//

---

[1] Defendants concur that Deputy Givens drove his patrol car into Plaintiff, but contend he was only knocked to the ground by the impact. (*P&A* [Doc. 6-1] 1:7–8.) But in evaluating a motion to dismiss, courts must accept plaintiff's facts as true. Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

2

## II. LEGAL STANDARD

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III. DISCUSSION

### A. Qualified Immunity

Plaintiff's first cause of action alleges a 42 U.S.C. § 1983 claim based on the contention that Deputy Givens used excessive force when he ran his patrol car into Plaintiff. (*FAC* ¶ 33.) Defendants argue the claim should be dismissed because Deputy Givens is entitled to qualified immunity. (*P&A* 1:12–15.)

3

Qualified immunity shields government officials from liability for monetary damages unless the plaintiff establishes that (1) the conduct violated a constitutional right, and (2) the right was "clearly established" when the misconduct occurred. Pearson v. Callahan, 555 U.S. 223, 232, 236–42 (2009) (modifying the two-step inquiry in Saucier v. Katz, 533 U.S. 194 (2001), to allow courts discretion in deciding which prong to address first depending on the facts of the particular case).

Defendants argue Deputy Givens's actions were reasonable, and therefore did not violate Plaintiff's constitutional rights. (*P&A* 4:3–5.) Defendants further argue that even if Deputy Givens's actions were unreasonable, Plaintiff's right to be free from the particular use of force was not clearly established at the time. (*Id.* 4:10–13.)

### 1. The FAC's factual allegations allege a Fourth Amendment violation.

A Fourth Amendment excessive-force claim is analyzed under an objective reasonableness standard. Graham v. Connor, 490 U.S. 386, 388 (1989). In determining the reasonableness of an officer's actions, the nature and quality of the intrusion on the suspect's Fourth Amendment interests are balanced against the countervailing government interests. Id. at 396. All the facts and circumstances of a case are considered in establishing the government's interest, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is resisting arrest or attempting to flee from arrest. Id. (citing Tennessee v. Garner, 471 U.S. 1, 8 (1985)). In addition to the Graham factors, circumstances such as the availability of less intrusive force and the use of proper warnings are considered. Hughes v. Kisela, 862 F.3d 775, 780 (9th Cir. 2017) (citing Bryan v. MacPherson, 630 F.3d 805, 831 (9th Cir. 2010).

#### a. Nature and quality of the intrusion.

A means of force capable of inflicting significant pain and causing serious injury is considered "intermediate force" that presents a significant intrusion upon an individual's

4

constitutional interests. In Young v. City of Los Angeles, 655 F.3d 1156, 1161 (9th Cir. 2011), the Ninth Circuit found a police officer's use of pepper spray and a baton constitutes intermediate force. See also Smith v. City of Hemet, 394 F.3d 689, 701–02 (9th Cir. 2005) (use of pepper spray and police dogs also considered intermediate force). Using a patrol car to strike and subdue a suspect presents a similar, if not higher, risk of causing significant pain and injury as using pepper spray in combination with a baton or police dog. Although Defendants attempt to focus the analysis on the severity of Plaintiff's injury, the proper analysis is whether the means of force was capable of causing serious injury. Striking a suspect with a car is objectively capable of causing serious injuries. Therefore, the government's interest must be equally significant to justify the force used.

### b. The government's interest.

When law enforcement encounters a suspect armed with a knife, the severity of the crime can weigh against finding excessive force. See Nehad v. Zimmerman, 2017 WL 6453475 at *4 (S.D. Cal. Dec. 18, 2017) (suspect wielding knife and advancing on officers supported a finding of a more severe crime); Pham v. City of San Jose, 2013 WL 5443027 at *6 (N.D. Cal. Sept. 30, 2013) (suspect that already injured another with a knife weighed in favor of a severe crime). But, the fact that a suspect is armed with a knife is not dispositive. Chien Van Bui v. City and Cnty. of San Francisco, 699 Fed. Appx. 614, 615 (9th Cir. 2017). Instead, the most important factor is whether the suspect poses an immediate threat to officers or others. Zion v. City of Orange, 874 F.3d 1072, 1075 (9th Cir. 2017) (citing Mattos v. Agarano, 661 F.3d 433, 441 (9th Cir. 2011).

Here, although Plaintiff held a knife when Deputy Givens arrived, he contends he had the knife to defend himself against the group of bar patrons who were attacking him with billiard balls and a pool cue. (FAC ¶ 21.) Plaintiff also alleges he never tried to stab anyone. (Id. ¶ 26.) These facts support an inference that Plaintiff did not pose an immediate threat to the patrons. Additionally, a jury could also find Plaintiff did not pose

5

a threat to Deputy Givens, since the Deputy was in the patrol car when he arrived at the scene. (*Id.* ¶ 22.) Nor are there any allegations Plaintiff was trying to resist arrest or flee. (*See id.* ¶ 26.) These facts all support Plaintiffs' excessive-force claim.

Finally, when evaluating an excessive-force claim, the availability of less intrusive force and the use of proper warnings may be relevant. Kisela, 862 F.3d at 780. When feasible, a warning should be given before the use of non-lethal force that may cause serious injury. Deorle v. Rutherford, 272 F.3d 1272, 1285 (9th Cir. 2001). In Deorle, the officers failed to give a warning before using a bean-bag gun as a suspect was advancing on them with a can or bottle in hand. Id. at 1277–78. Failing to give a warning in such circumstances weighed in favor of finding excessive force. Id. at 1285. Similarly, the court found officers who failed to give a warning before shooting a knife-wielding suspect, who stood six to eight feet from the officers, supported a finding of excessive force. Hayes v. County of San Diego, 736 F.3d 1223, 1234–35 (9th Cir. 2013).

Here, no warning was given before Deputy Givens struck Plaintiff with his patrol car. The failure to warn Plaintiff before using a method of force that could cause serious injury also supports Plaintiff's excessive-force claim.

### c. **Balancing the parties' interests.**

Viewing the facts in the light most favorable to Plaintiff, Deputy Givens arrived on the scene to find Plaintiff brandishing a knife while being threatened or attacked by a crowd of bar patrons armed with a pool cue and billiard balls. Instead of warning Plaintiff, Deputy Givens ran his car into Plaintiff, causing him to fly 20 feet in the air. Under these facts, Plaintiff has pled a violation of his Fourth Amendment rights.

### 2. **The right was clearly established.**

"Clearly established" means "[t]he contours of the right must be sufficiently clear that a reasonable official would understand what he is doing violates that right" with careful consideration to the facts of the particular case. Anderson v. Creighton, 483 U.S.

6

17cv1349 W (NLS)

635, 640 (1987). In determining whether a right is clearly established, courts "may look at unpublished decisions and the law of other circuits, in addition to Ninth Circuit precedent." Prison Legal News v. Lehman, 397 F.3d 692, 702 (9th Cir. 2005); Sorrels v. McKee, 290 F.3d 965, 970 (9th Cir. 2002) (looking to "decisions of our sister Circuits, district courts, and state courts" in evaluating if law was clearly established).

Officers can still be on notice that their conduct violated established law in novel factual circumstances, because the salient issue is whether the state of the law gives notice that the conduct at issue was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (2002). However, the general excessive force principles set forth in Graham, while not inherently incapable of giving fair and clear warning to an officer, do not by themselves create clearly established law outside an obvious case. S.B. v. County of San Diego, 864 F.3d 1010, 1015 (9th Cir. 2017) (citing White v. Pauly, 552 S.Ct. 548, 552 (2017)).

Although the parties have not cited an excessive-force case involving similar facts, cases evaluating uses of force capable of causing serious injury against armed suspects appear to clearly require an officer to warn the suspect, if possible. See Deorle v. Rutherford, 272 F.3d at 1285; Hayes v. County of San Diego, 736 F.3d at 1234-35. Based on these cases and under Plaintiff's version of events, the Court finds the law was clearly established that Deputy Givens could not drive his patrol car into Plaintiff, without any warning, at a speed sufficient to throw him twenty feet in the air.

### B. Municipal Liability

Plaintiff's second cause of action alleges municipal liability pursuant to 42 U.S.C. §1983 under two theories: (1) Plaintiff's injuries were caused by the County's alleged policy, custom, or practice of using excessive force in effectuating arrests as well as failing to monitor, train, and supervise deputies; and (2) Sheriff Gore or other supervisory officials ratified Deputy Givens' alleged use of excessive force. (*FAC* ¶¶ 13, 38–44, 47–49.) In their motion, Defendants attack only the first theory. Specifically, they argue the claim must be dismissed because Plaintiff fails to allege facts establishing a policy or

7

longstanding practice or custom that caused Deputy Givens to pursue the allegedly unconstitutional conduct. (*P&A* 5:26–27, 6:8–9.) Defendants do not challenge Plaintiff's second theory of ratification.

In moving to dismiss, Defendants bear the burden to show no set of Plaintiff's allegations support a claim for relief. Terracom v. Valley Nat'l Bank, 49 F. 3d 555, 558 (9th Cir. 1995); See Vasquez, 487 F.3d at 1249. Because Defendants have not challenged Plaintiff's ratification theory, even if they prevail in challenging the policy, custom or practice theory, they will not have demonstrated that no set of allegations support Plaintiff's second claim. Therefore, Defendants' motion to dismiss this claim must be denied.

### C. State Law Battery and Negligence

Plaintiff's third and fourth claims allege state-law battery and negligence against Deputy Givens for striking Plaintiff with his car, and vicarious liability against the County under California Government Code § 815.2. (*FAC* ¶¶ 53, 55, 59, 61.) Defendants argue Deputy Givens is immune from liability under California Government Code § 820.2 and, therefore, the County cannot be vicariously liable when its employee is immune. (*P&A* 8:27–28, 9:22–23, 10:11–14.)

Under section 820.2, a public employee is not liable for an injury caused by an act or omission that was the result of the exercise of the discretion vested in the employee, whether or not such discretion is abused. Discretionary acts are basic policy decisions that have been expressly committed to coordinate branches of government, such that judicial interference would be unseemly. Conway v. Cnty. of Tuolumne, 231 Cal. App. 4th 1005, 1014 (2014). However, as a matter of public policy, discretionary immunity does not apply to cases of excessive force in effectuating arrests. Id. at 1015; Scruggs v. Haynes, 252 Cal. App. 2d 256, 267–68 (1967). Therefore, Deputy Givens and the County are respectively not immune under California Government Code §§ 820.2 and 815.2(b).

8

Defendants also argue that regardless of statutory immunity, the state-law claims should be dismissed because Deputy Givens acted reasonably under the circumstances. (*P&A* 9:12-27; *Reply* [Doc. 8] 9:6–8.) In short, Defendants argue the state-law claims should be dismissed because there was no excessive force. Because the Court has found Plaintiff has stated an excessive-force claim, Defendants' alternative argument also fails.

IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss [Doc. 6].

Dated: March 7, 2018

Hon. Thomas J. Whelan
United States District Judge