UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JESSE MENDOZA,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; SHERIFF'S DEPUTY JAMES GIVENS; and DOES 1-50, inclusive,<br><br>                            Defendants. | Case No.: 17cv1349-W (NLS)<br><br>**ORDER:**<br><br>**(1) VACATING SHOW CAUSE HEARING;**<br><br>**(2) REGARDING ORDER TO SHOW CAUSE AND ISSUING MONETARY SANCTIONS;**<br><br>**(3) RESETTING EARLY NEUTRAL EVALUATION CONFERENCE** |

## I. BACKGROUND

On May 2, 2018, the Court issued an Order to Show Cause ("OSC") due to Plaintiff Phillip Jesse Mendoza's failure to personally appear at the Early Neutral Evaluation Conference ("ENE") scheduled for that same day. ECF No. 12. Pursuant to that order, both Plaintiff and his counsel filed declarations outlining their reasons for Plaintiff's absence at the ENE. ECF Nos. 14, 15. In addition, Defendants filed a declaration outlining the costs they incurred in preparing for and attending the ENE. ECF No. 16.

1

Plaintiff's counsel explains in his declaration that he was not aware that he had to personally produce his client for the ENE, even when he had full settlement authority. ECF No. 14 at ¶ 2. Counsel attributes this error to his unfamiliarity with federal practice, but concedes that he did not read the court's order setting the ENE, which set forth the personal appearance requirements for the conference. *Id.* Plaintiff explains in his declaration that he failed to personally appear because his attorney failed to tell him that he needed to appear. ECF No. 15 at ¶ 3. Plaintiff explains that he does have a full time construction job that does not afford him any time off. *Id.* at ¶ 4.

Defendants submitted a declaration outlining the costs they incurred in preparing for and attending the ENE. ECF No. 16. Defendants' counsel states that his hourly rate is $236.00 and he spent 8.0 hours total in connection with the ENE. *Id.* at ¶ 4. This includes time spent: (1) meeting with Deputy Givens (1.0); (2) preparing memo for and attending Case Evaluation Committee meeting (to determine settlement authority for ENE) (4.0); (3) preparing ENE brief (1.1); (4) reviewing file to prepare for ENE (0.4); (5) conference with Plaintiff's counsel regarding ENE (0.2); and attending the ENE (1.3). *Id.* Counsel also states that his paralegal billed 3.8 hours to assist him in preparing for the ENE. *Id.* at ¶ 5. In addition, the County paid Deputy Givens $199.38 to attend the ENE as he was off duty and paid overtime to attend. *Id.*, Ex. A at ¶ 3.

## II. DISCUSSION

Courts are "endowed with inherent powers which are necessary to the conduct of their business, including the power to sanction." *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993). A court has the inherent authority to issue sanctions against parties and non-parties to an action based on their conduct. *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 282 (9th Cir. 1996). Additionally, under Federal Rule of Civil Procedure 16(f), the Court may issue "any just orders," including Rule 37 sanctions, "if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f)(1)(A). Furthermore, "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance

2

17cv1349-W (NLS)

. . . unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2); *see also Sedgwick v. Unknown K-9 Handler,* 2013 U.S. Dist. LEXIS 77063, *11-12 (S.D. Cal. Apr. 23, 2013) (citing Ninth Circuit cases demonstrating the circuit court has repeatedly upheld monetary sanctions imposed for failure to comply with orders regarding settlement conferences).

Having read the parties' declarations, the Court finds sanctions should be issued against Plaintiff's counsel for failing to produce his client for the ENE. While the Court acknowledges that Plaintiff's counsel is sufficiently apologetic for his error and for the burden he placed on the Court and Defendants, he admits that the error arose from his failure to read the Court's order. This does not amount to substantial justification.

As to the amount of the sanction, the Court finds it appropriate to award Defendants their costs incurred to personally appear at the ENE. This amount includes Defendants' counsel's 1.3 hours at a rate of $236.00 per hour, for a total of $306.80, and the $199.38 paid to Deputy Givens. As for the time that Defendants' counsel and his paralegal spent preparing for the ENE, the Court declines to award fees associated with these tasks as it was not a wasted effort and they will not need to be performed again for the rescheduled ENE. However, the Court will award Defendants an additional hour of counsel's time in order to prepare for the rescheduled ENE. Thus, in total, the Court levies sanctions against Plaintiff's counsel in the amount of $742.18.

3

17cv1349-W (NLS)

**III. CONCLUSION**

Accordingly, the Court hereby **ORDERS** that:

1. The Court **ORDERS** that Plaintiff's counsel remit payment in the amount of **$742.18** to Defendants.
2. The Court **VACATES** the Show Cause Hearing currently set for May 10, 2018 at 9:30 a.m.
3. The Court **RESETS** the Early Neutral Evaluation Conference for **June 7, 2018** at **2:30 p.m.**

**IT IS SO ORDERED.**

Dated: May 8, 2018

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge